UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
In re: PARK WEST GALLERIES, INC.,       )   MDL No. 09-2076RSL
MARKETING AND SALES PRACTICES           )
LITIGATION                              )
_____)
                                        )   ORDER DENYING PLAINTIFF'S
THIS DOCUMENT RELATES TO:               )   MOTION TO AMEND COMPLAINT
                                        )
Bouverat v. Park West Galleries, Inc.,  )
Case No. C09-1177RSL.                   )
_____)

This matter comes before the Court on "Plaintiff's Motion for Leave to Amend Complaint." MDL09-2076, Dkt. # 219. Plaintiff seeks to rescind his cruise ticket contract with Celebrity Cruises Inc. and his sales contracts with Park West Galleries, Inc. Having reviewed the memoranda and exhibits submitted by the parties,[1] the Court finds as follows:

**A. MODIFICATION OF THE CASE MANAGEMENT SCHEDULE**

After this multi-district litigation was transferred to this district, the Court issued a case management order setting January 15, 2010, as the deadline for amending pleadings and joining additional parties. Dkt. # 31. Because plaintiff seeks to amend his pleading after the deadline established by the Court, he must show good cause pursuant to Fed. R. Civ. P. 16(b)(4).

Despite the significant passage of time since the original complaint was filed, this

---

[1] This matter can be decided on the papers submitted. Park West's request for oral argument is DENIED.

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT

litigation remains in its infancy.  Plaintiff has not delayed or been dilatory in the prosecution of his causes of action.  Almost as soon as the motions to dismiss were ruled upon, plaintiff sought leave to amend his pleading.  Discovery has barely begun, and there is no reason to assume that an amendment at this time would require any duplication of effort or otherwise increase the costs of this litigation.  The Court finds that, given the nature of this case and the related actions, plaintiff has shown good cause for modification of the case management deadline.

**B. LEAVE TO AMEND UNDER FED. R. CIV. P. 15(A)**

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  There is a "strong policy in favor of allowing amendment" after "considering four factors:  bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).[2]  The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Amendment will be denied, however, "when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally."  Vincent v. Trend W. Tech. Corp., 828 F.2d 563, 570-71 (9th Cir. 1987) (internal quotation marks omitted).  Celebrity Cruises Inc. argues that the proposed amendment would be futile and manifests bad faith.  Park West argues that all of the relevant considerations except bad faith militate against allowing the amendment.

**1. Celebrity Cruises Inc.**

Plaintiff's claims against Celebrity Cruises were dismissed because they are barred by the suit limitation provision contained in the cruise ticket contract.  In order to overcome this defect, plaintiff now alleges that the cruise ticket contract was fraudulently induced and seeks to

---

[2] The Ninth Circuit also takes into consideration whether plaintiff has previously amended the complaint.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT           -2-

invalidate the contract. In particular, plaintiff alleges that "[w]ithout Defendants' fraudulent material misrepresentations and material omissions regarding value, investment potential and appraisal value of the artwork, Plaintiff would not have entered into the contracts, and is entitled to, among other things, rescission of the contracts . . . ." Proposed Third Amended Compliant at ¶ 9.

To determine whether a proposed amendment is futile, the Court evaluates whether the revised allegations would survive a motion to dismiss. Nunes, 375 F.3d at 808. Plaintiff's allegations of fraudulent inducement are not plausible under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007), and Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1951 (2009). Any misrepresentations or omissions made at sea could not have caused plaintiff to enter into his cruise ticket contract. All evidence shows that the cruise ticket contract was in place and enforceable before the ship left its home port, and plaintiff makes no effort to explain the causal connection he so blithely alleges. The factual allegations of the proposed complaint do not give rise to a reasonable inference that defendants fraudulently induced plaintiff to enter into the cruise ticket contract. Twombly, 550 U.S. at 556; Iqbal, 129 S. Ct. at 1949.

Plaintiff also alleges that "[s]ince Plaintiffs and Class members' purchases of Park West artwork and appraisals were induced by the fraudulent conduct of [defendants], any Cruise Ticket contract limiting the time to bring suit is unconscionable and unenforceable and should be invalidated." See, e.g., Proposed Third Amended Complaint at ¶ 137(d). This argument was considered and rejected in the orders granting Celebrity's motions to dismiss and will not be reconsidered here.

The allegations added in the Proposed Third Amended Complaint cannot save plaintiff's claims against Celebrity Cruises Inc.. Because those claims would again be subject to dismissal, amendment would be futile.

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT                    -3-

### 2. Park West Galleries, Inc.

Pursuant to the Restatement (Second) of Contracts § 164, "[i]f a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient." The Proposed Third Amended Complaint includes allegations of material misrepresentations on which plaintiff justifiably relied and seeks rescission of the sales contracts plaintiff subsequently entered into with Park West.

Park West argues that, even if one assumes that the sales contracts were at one time voidable by plaintiff, he lost the power to avoid the contracts through both affirmance and delay. The Court agrees. The power of a party to avoid a contract for fraudulent misrepresentation is lost if, after he knows of the fraudulent misrepresentation, (a) he acts with respect to any property he received under the contract in a manner inconsistent with disaffirmance or (b) he does not within a reasonable time notify the other party that he intends to avoid the contract. Restatement (Second) of Contracts § 380 and § 381. As far as the Court is aware, plaintiff never offered to return the artwork purchased from Park West. Until very recently, plaintiff conducted himself and this litigation as if the sales contracts were valid, seeking to enforce some provisions while avoiding others. This conduct was inconsistent with rescission.

Plaintiff's recent demand for rescission is also untimely. Plaintiff clearly believed that he had been defrauded when he filed his original complaint in April 2008, yet he did not give notice to defendants that he intended to seek rescission until July 2010. Plaintiff was in full possession of the facts justifying a claim of rescission over two years ago. Instead, he filed a lawsuit seeking numerous forms of relief and asserting a broad array of claims against Park West: rescission was not sought. In these circumstances, a two year delay in manifesting an intention to avoid the sales contracts was not reasonable.

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT           -4-

Because the claim for rescission added in the Proposed Third Amended Complaint cannot save plaintiff's claims against Park West, the proposed amendment would be futile.

For all of the foregoing reasons, plaintiff's motion for leave to amend his complaint is DENIED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 15th day of September, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge